UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 23-190 |
| KENNETH G. AKPIEYI | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendant Kenneth Akpieyi's Motion for New Trial (Doc. 153). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On July 25, 2025, a federal jury found Defendant Kenneth Akpieyi guilty on charges of conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, and aiding and abetting mail fraud. On August 29, 2025, Defendant filed the instant Motion, arguing that "[b]ased upon the evidence and its presentation, the jury could not conclude that this Defendant held sufficient *mens rea* to defraud," and thus the verdict was contrary to the law and evidence.[1] The Government opposes.

---

[1] Doc. 153.

1

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) states, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[2] The Fifth Circuit has held "the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."[3] The movant bears the burden of demonstrating that a new trial is justified.[4]

## LAW AND ANALYSIS

At the outset, the Court notes that Defendant's Motion is untimely. "Any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."[5] Prior to the expiration of the original fourteen-day period, Defendant moved for, and the Court granted, a fourteen-day extension. Defendant filed the instant Motion seven days after the expiration of that extension, making it untimely.[6]

Notwithstanding the untimely filing, Defendant is not entitled to a new trial. Defendant makes the bare assertion that the verdict is "contrary to the law and evidence" as the evidence presented regarding the *mens rea* element of the fraud-based charges is insufficient to substantiate the verdict.[7] In

---

[2] FED. R. CRIM. P. 33.
[3] United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004).
[4] United States v. Soto-Silva, 129 F.3d 340, 343 (5th Cir. 1997).
[5] FED. R. CRIM. P. 33(b)(2).
[6] To the extent the Court could construe Defendant's Motion as one for a judgment of acquittal under Federal Rule of Criminal Procedure 29, such a motion would also be untimely.
[7] Doc. 153.

deciding whether to grant a motion for new trial on these grounds, the Court "may weigh the evidence and assess the credibility of the witnesses in considering the motion."[8] Despite the Court's inherent discretion when considering a motion for new trial, the Court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable."[9] Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."[10]

In the instant Motion, Defendant fails to identify any evidence as to his culpability that cuts against the jury's verdict, much less "preponderate[s] heavily against" it.[11] Despite the assertion in Defendant's Motion and his self-serving testimony at trial, the record is teeming with evidence supporting Defendant's intent to defraud. Defendant testified at trial that he used the fake name, Phillip Anderson, to open bank accounts and repeatedly deposit checks containing victim funds. Although Defendant testified that he had never contacted the victims and that he believed the funds were for his car resale business, the Government presented evidence that established, at a minimum, Defendant ignored clear signs that he was engaging in fraudulent conduct.[12] Particularly, when Defendant testified that he believed that the victims' checks were for automobile-related transactions, the Government highlighted Defendant's inability to provide details, such as vehicle specifications or the

---

[8] United States v. Arnold, 416 F.3d. 349, 360 (5th Cir. 2005).
[9] *Id.* at 360.
[10] *Id.*
[11] Likewise, Defendant fails to cite any legal authority that supports that the verdict is contrary to the law.
[12] *See* United States v. Perez, 489 F.2d 51, 73 (5th Cir. 1973) ("Exceeded, and then super-exceeded, were the limits of such possible, though hardly probable, explanations as mistake, omission, coincidence, and naivete. At some point, knowledge may be imputed."); *see also* United States v. Agbi, 84 F. 4th 702, 708 (7th Cir. 2023).

3

identity of parties, for those transactions. Further, the Government demonstrated that Defendant engaged in several tactics to attempt to avoid detection, including failing to pay taxes, depositing two large checks from the same victim at different banks on the same day, and initiating transfers of funds that were then forwarded to domestic and international entities. Accordingly, the weight of the evidence does not preponderate against the verdict, and no miscarriage of justice would result from letting the verdict stand.[13] Defendant has failed to meet his burden under Rule 33.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 5th day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Although Defendant did not move for a judgment of acquittal, the Court notes that such a motion would also fail. The record contains sufficient evidence such that "a rational trier of fact could have found that each element of the charged criminal offense was proven beyond a reasonable doubt." *See Arnold*, 416 F.3d. at 358.