**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 23-190** |
| **v.** | * | **SECTION: "H"(5)** |
| **KENNETH G. AKPIEYI, *et al.*** | * | |

* * *

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM FOR DEFENDANT KENNETH G. AKPIEYI**

The United States of America, through the undersigned Assistant United States Attorney, submits this memorandum in advance of the sentencing of Kenneth G. Akpieyi. The government provides this memorandum to correct Exhibit A, the Known Victim Loss Calculation.

The previous Known Victim Loss Calculation included an "Overall Loss Low Estimate" of $9,614,335.50, which represented the total loss amount based upon the lowest loss number reported by each known victim. However, that total should be $8,738,391.00. As explained below, this change potentially affects Akpieyi's advisory guidelines range.

Furthermore, the government submits that a sentencing guidelines range of 292 to 365 months would appropriate in light of the history and characteristics of the defendant, the facts of this offense, and the other 18 U.S.C. § 3553 factors.

**A. Revised Exhibit A – Known Victim Loss Calculation.**

The government has attached a revised Exhibit A. The following is a summary of the corrections made to this exhibit, and any effect that those changes had on loss calculations:

- Victim VF and her son had reported losses "over $100,000." The government's chart incorrectly summarized that loss as "$100k-$200k." The correction has no

impact on the Overall Loss Low Estimate, but it reduces the Overall Loss High Estimate.

- Victim JC stated in an interview with the FBI that she had losses totaling $715,969.00. In her victim impact statement, however, she stated that her loss was $25,000.00. For consistency in the Overall Loss Low Estimate, the government has replaced Victim JC's initial report of losses of $715,969.00 with the amount that she provided in her victim impact statement, $25,000.
- Victim DL stated in her victim impact statement that she had lost $90,000, and also that she had mailed a $30,000 personal check, suggesting a loss of $120,000. However, at the top of her victim impact statement, Victim DL stated that her total loss was $90,000. Therefore, the government has replaced $120,000 with a total of $90,000.
- Victim CS's losses had been traced by the FBI through the accounts of Akpieyi and his co-conspirators and had been calculated at $15,975.50. That calculation is still accurate. However, Victim CS submitted a victim loss affidavit stating that she had lost $6,000.00. For consistency in the Overall Loss Low Estimate, the government has replaced Victim CS's traced losses of $15,975.50 with the amount that Victim CS's listed on her loss affidavit, $6,000.
- Victim JS stated in an interview with the FBI that her losses were approximately $160,000. That amount was previously included in the Overall Loss Low Estimate. However, Victim JS submitted a victim loss affidavit stating that her losses were $15,000. Again, for consistency, the government has replaced the loss

amount Victim JS stated during her FBI interview with the lower amount she provided in her victim loss affidavit, $15,000.

The changes to Exhibit A have been highlighted on Revised Exhibit A. The revised Overall Loss Low Estimate caused by Akpieyi through either his conduct or the reasonably foreseeable conduct of his co-conspirators is $8,738,391.00. As the government argued in its original sentencing memorandum, the Overall Loss Low Estimate is a reasonable estimate of victim losses because the FBI's tracing did not encompass the accounts of all co-conspirators in this scheme. As support for the Overall Loss Low Estimate, the government is providing under seal Exhibits B through CC. Further, the government listed those exhibits under the column "Citation for Overall Loss Low Estimate" so that the Court can reference which FBI interview reports, victim testimony, or victim loss affidavits are used to justify each victim's loss calculation for the Overall Loss Low Estimate.

**B. Offense Levels and Guidelines Ranges for Three Loss Calculations.**

This revision to the Overall Loss Low Estimate also affects the advisory sentencing guidelines range. Accordingly, the government provides the following chart listing the resulting offense levels for each loss estimate, which include all other recommended enhancements in the final presentence investigation report (Rec. Doc. 182) ("PSR"):

| **Loss Calculation** | **Estimate of Loss** | **Base Loss Offense Level (PSR ¶ 35)** | **Total Offense Level (PSR ¶ 44)** | **Advisory Sentencing Guidelines Range (PSR ¶ 89)** |
|---|---|---|---|---|
| Total A:<br><br>Overall Low Loss Estimate | $8,738,391.00 | 31 | 42 | 360 months – 720 months (restricted by statutory maximum) |
| Total B:<br><br>Overall High Loss Estimate | $10,892,360.00 | 33 | 43[1] | 720 months (restricted by statutory maximum) |
| Total C:<br><br>Traced Known Victims Funds | $2,191,036.50 | 29[2] | 40 | 292 months – 365 months |

The government will be prepared to provide testimony from FBI Forensic Accountant Jeffery Miner at the sentencing hearing to summarize these loss calculations.

**C. A Sentence of 292 to 365 Months Would Be Sufficient under 18 U.S.C. § 3553.**

"When sentencing a defendant, a district court must first calculate the Guidelines sentencing range." *United States v. Phillips*, 842 F. App'x 908, 910 (5th Cir. 2021) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)). Next, the district court must allow "both parties an opportunity to argue for whatever sentence they deem appropriate." *Id.* (citing Gall, 552 U.S. at 49). Finally, "the district judge should . . . consider all of the § 3553(a) [sentencing] factors to determine whether they support the sentence requested by a party." *Id.* (citing Gall, 552 U.S. at 49-50) *Id.* at 49–50, 128 S.Ct. 586. "In this last step, a district court may not presume that the

[1] Reduced from offense level 44 by application of § 5A, comment. (n.2). *See* PSR, p. 16 n.2.
[2] Akpieyi's suggested loss amount, $2,146,536.50, would result in the same base loss offense level, assuming the Court otherwise overrules his other objections. *See* § 2B1.1(b)(1).

Guidelines range is reasonable." *Id.* (citation omitted). Instead, it "must make an individualized assessment based on the facts presented." *Id.* (citation omitted). "As part of that individualized assessment, the district court has discretion to vary from the Guidelines." *Id.* "The district court may vary because it 'finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply.'" *Id.* (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). It may also vary because the Guidelines "fail[ ] properly to reflect § 3553(a) considerations even in a mine-run case." *Id.* (citing *Kimbrough*, 552 U.S. at 109).

As the government stated in its sentencing memorandum, a substantial sentence is appropriate in this case to reflect the seriousness of Akpieyi's offense, the need for deterrence, and to promote respect for the law. *See* 18 U.S.C. § 3553(a). If the Court adopted the lowest loss calculation –Total C: FBI Traced Known Victim Funds – the resulting sentencing range would be 292 to 365 months. Akpieyi's suggested loss amount, $2,146,536.50, would result in the same base loss offense level, assuming the Court otherwise overrules his other objections. *See* PSR, p. 60 (Akpieyi objection to loss amount). A sentence in this range would be a substantial one that sends a clear message of the public's condemnation of this sophisticated fraud scheme that targeted vulnerable individuals in our society. This sentence would be sufficient, but not greater than necessary, to address the circumstances of the offense and the history and characteristics of

the defendant while acknowledging the harm that Akpieyi has inflicted on his victims, both financially and emotionally.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*/s/ Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3081
E-Mail: Matthew.Payne@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to ECF-registered counsel of record

*/s/ Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney